UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK FITZGERALD CHIOINO, | No. C 06-932 MHP (pr) |
| Petitioner, | **ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT** |
| v. | |
| SCOTT M. KERNAN, warden, | |
| Respondent. | |

Last month, the court granted the habeas petition in this action and entered judgment. The court found an Apprendi error in the 22-year sentence imposed and determined that petitioner's sentence had to be changed from 22 years to 18 years. The court wrote: "Within 120 days of the date of this order, the State of California shall cause Chioino's sentence in Monterey County Superior Court Case No. SS022872 to be fixed in accordance with this order. This court leaves it to state officials to determine the appropriate procedure to fix the unconstitutional sentence, i.e., whether state law requires that Chioino be re-sentenced or requires an amended abstract of judgment to correct the sentence or requires correction in another way." Order Granting Petition For Writ Of Habeas Corpus, pp. 11-12.

This matter returns for consideration of respondent's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Such a motion "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation and emphasis omitted) (en banc). A district court does not commit clear error warranting reconsideration

1 when the question before it is a debatable one. See id. at 1256 (district court did not abuse its
2 discretion in denying reconsideration where question whether it could enter protective order
3 in habeas action limiting Attorney General's use of documents from trial counsel's file was
4 debatable).

5     Respondent argues that the court committed clear error in "fashion[ing] a new
6 sentence without remanding to the trial court of a new sentencing hearing." Motion, p. 2.
7 Respondent relies primarily on two cases, Untied States v. Booker, 543 U.S. 220 (2005), and
8 People v.Sandoval,41 Cal.4 4th 825 (Cal. 2007), but neither supports a conclusion that this
9 court committed clear error in determining that the sentence had to be changed from 22 to 18
10 years.

11     Respondent relies on a portion of United States v. Booker 543 U.S. 220 (2005), that
12 does not apply to California's determinate sentencing law ("DSL") under which petitioner
13 was sentenced. Booker is divided into two parts: Justice Stevens' opinion for the Court
14 concluded that the Apprendi and Blakely decisions applied to the Federal Sentencing
15 Guidelines. 543 U.S. at 226-244. Justice Breyer's opinion for the Court dealt with the
16 appropriate remedy for the problem. 543 U.S. at 244-268. In Justice Breyer's part of the
17 opinion, the Court found the statutory provision that made the Guidelines mandatory
18 incompatible with the Court's holding in Justice Stevens' part of the opinion and "conclude[d]
19 that this provision must be severed and excised, as must one other statutory section
20 [regarding appellate review standards] which depends upon the Guidelines' mandatory
21 nature." 543 U.S. at 245. With those modifications, the Guidelines would be "effectively
22 advisory." Id. Respondent's motion relies on the remedial part of the Booker opinion, but
23 has not shown that this court has the power to sever and excise parts of California's
24 sentencing laws in any way comparable to the Supreme Court's handling of the Guidelines.
25 Booker's chosen remedy of further sentencing proceedings was based on the Supreme Court's
26 severance and excision of the problem provisions in the Guidelines, and has no applicability
27 to California's DSL. That Booker does not dictate the remedy for a petitioner sentenced
28 under California's DSL is evidenced by the fact that the Supreme Court's decision in

*United States District Court*
*For the Northern District of California*

1  Cunningham v. California, 127 S. Ct. 856 (2007), did not apply the Booker remedial
2  approach to California's law.  Indeed, rather than apply Booker's remedial portion,
3  Cunningham left it to the state to adjust its sentencing system.  Cunningham, 127 S. Ct. at
4  871.

5        Respondent's other case, People v. Sandoval, 41 Cal.4th 825 (Cal. 2007), also does
6  not lead to the conclusion that this court committed clear error in the remedy it chose upon
7  finding a Sixth Amendment violation in the sentence.  As Sandoval recognized, serious ex
8  post facto concerns are raised in re-sentencing under a newly reformed sentencing scheme.
9  See 41 Cal.4th at 853-56.  Also, the Sandoval analysis at several points suggests that it
10 applies to cases on direct appeal, as that one was and petitioner's is not.  See id. at 845, 856-
11 57.

12       Respondent contends separately that this court has no authority to appoint counsel in
13 state court.  Motion, p. 4 n.2.  The court agrees, but does not believe that it has done so.  The
14 court ordered the clerk to send a copy of the order to the Monterey County Public Defender
15 and "request[ed] that the Monterey County Public Defender provide representation for
16 Chioino if he meets the eligibility requirements and if counsel is necessary for the
17 resentencing." Order, p. 12.  Rather than appointing counsel, the court has left it to the
18 Monterey County Public Defender to decide whether Chioino needs and is eligible for
19 representation.  When the court grants habeas relief in pro se cases, it often (as here) directs
20 the order to be sent to the public defender to increase the likelihood that the necessary steps
21 are taken to implement the court's decision – this is done as an alternative to making
22 respondent's counsel file periodic reports on the progress of that implementation.

23       Upon due consideration of respondent's motion, the court is unpersuaded that it
24 committed clear error.  The motion to alter or amend the judgment is DENIED.  (Docket #
25 20.)

26       IT IS SO ORDERED.
27 DATED: November 15, 2007
28                                          Marilyn Hall Patel
                                         United States District Judge

**United States District Court**
**For the Northern District of California**